IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DOE | * | CIVIL ACTION NO. |
| | * | |
| Plaintiff, | * | |
| | * | JUDGE |
| VS. | * | |
| | * | |
| SUNSTONE ST. CHARLES, LLC | * | MAGISTRATE JUDGE |
| and HILTON WORLDWIDE HOLDINGS, INC. | * | |
| | * | |
| | * | JURY DEMAND |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION FOR DAMAGES

1. This is an action to halt and seek redress for the unlawful harassment and discrimination that Defendant has implemented in its business practices.

2. The Americans with Disabilities Act (hereinafter "ADA") expressly prohibits discrimination in employment on the basis of disability. 42 U.S.C. §§ 12101, *et seq*.

3. Title VII of the Civil Rights Act of 1964 (hereinafter "CRA") prohibits discrimination in employment in hiring, firing, compensation, and terms, conditions, or privileges of employment on the basis of race, color, religion, sex, or national original. 42 U.S.C. §§ 2000e, *et seq*.

4. Despite these mandated provisions, the Defendant has violated the Plaintiff's rights.

### PARTIES

### PLAINTIFF

5. The Plaintiff is John Doe, who was employed as a Houseman at the Hilton hotel (hereinafter "Hilton") at 333 St. Charles Ave., New Orleans, LA 70130. He is a person of the age

of majority and is HIV positive. The Plaintiff has filed under a pseudonym in order to protect his status as a person affected by HIV. The identify of the Plaintiff is protected in this Complaint, but Defendant may be made expressly aware of the identity of the Plaintiff by contacting counsel for Plaintiff.

### DEFENDANTS

6. **Sunstone St. Charles, LLC** (hereinafter "Sunstone"), a Delaware Limited Liability Company, who owns the hotel located at 333 St. Charles Ave., New Orleans, LA 70130. It can be served with process, through its registered agent, Unisearch, Inc. at 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

7. **Hilton Worldwide Holdings, Inc.,** (hereinafter "Hilton"), a Delaware Corporation, who franchised the Hilton branding to the hotel located at 333 St. Charles Ave., New Orleans, LA 70130. It can be served with process, through its registered agent, Corporation Service Company at Bank of America Center, 1111 East Main Street, 16th Floor, Richmond, VA 23219.

### FACTUAL BACKGROUND

8. Mr. Doe was hired as a houseman on January 4, 2016.

9. From in or about March 15, 2016 through March 30, 2016, Human Resources Manager Mr. Glenford Rigmaiden (hereinafter "Mr. Rigmaiden") solicited Mr. Doe for sexual favors through social media.

10. Mr. Rigmaiden initiated the conversation with Mr. Doe, allegedly not knowing he was speaking with Mr. Doe. Mr. Doe immediately recognized Mr. Rigmaiden, though, and identified himself.

11. At no time did Mr. Doe communicate that he desired to engage in the sexual activities requested by Mr. Rigmaiden.

12. Despite knowing that he was speaking with an employee of the Hilton who did not desire to engage in explicit conduct, Mr. Rigmaiden continued to request sexual favors from Mr. Doe over the course of multiple weeks.

13. Separately, and through the duration of his employment, Mr. Doe had prescription HIV medications sent via commercial courier from the distributing pharmacy to the Hilton.

14. Front desk employees would always sign for the package then instruct Mr. Doe to take possession of them.

15. At no time did Mr. Doe disclose to Hilton employees what was contained in the regularly delivered packages.

16. On June 22, 2016 Front Desk Manager Shean Metoyer (hereinafter "Mr. Metoyer") signed for a package containing Mr. Doe's HIV medications as he and other front desk employees had previously done.

17. However, that specific package was not made available to Mr. Doe but instead held in Director Tonya Davis' (hereinafter "Mrs. Davis") office such that Mr. Doe never received them.

18. Mr. Doe thereafter worked at the Hilton without incident until he was scheduled to be "on call" for the first time on January 18, 2017.

19. As this was the first time Mr. Doe was placed "on call," he was under the mistaken belief that he was not required to appear for work or call in to the Hilton but would be contacted if he was needed.

20. After appearing for work the following day, Ms. Davis instructed Mr. Doe to go home and not return until he had been contacted by Mr. Rigmaiden.

21. Roughly one week passed before Mr. Rigmaiden called Mr. Doe, instructing him to come in for a meeting.

22. Despite never being instructed to do so, he was terminated at that meeting by Mr. Rigmaiden and Ms. Davis with the reason cited as "no call, no show" on his January 18, 2017 "on call" work date.

23. Long after submitting the Intake Questionnaire to the Equal Employment Opportunity Commission on January 20, 2017, Mr. Doe ran into Ms. Davis at his new place of employment, the Winn-Dixie located at 3008 Holiday Drive, New Orleans, Louisiana.

24. There, on June 13, 2017, Ms. Davis engaged Mr. Doe in a verbal altercation in which she stated that she had "been looking for" Mr. Doe and made reference to the Intake Questionnaire by exclaiming, "oh, I know you been discussing me!"

25. During all relevant times, Sunstone was an actual and/or apparent agent of Hilton. Plaintiff reasonably and justifiably believed Hilton controlled the operations of the hotel property.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

27. Mr. Doe timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against the Defendant for discrimination in employment. The EEOC issued a "right to sue" letter on September 28, 2017.

28. Venue is proper because the discrimination occurred in this District.

29. The court has jurisdiction over Defendant because it is located and operates in the State of Louisiana.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. Paragraphs 1 – 29 above are restated as if fully incorporated herein.

31. The ADA prohibits employers from discriminating against individuals because of a disability, specifically with regards to discharge of employees. 42 U.S.C. § 12112.

32. HIV-positive status is a recognized disability under the ADA.

33. Mr. Doe was fully qualified to be in his position at the Hilton.

34. Upon information and belief, the Defendant is a covered employer to which the ADA applies. Upon information and belief, Defendant has well above fifteen employees.

35. The Defendant terminated Mr. Doe from employment because of his HIV-positive status. The Defendant made no individualized assessment to determine whether Mr. Doe could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position, as required under the ADA.

36. Because of Defendant's actions, Plaintiff has suffered and will continue to suffer economic and non-economic harm.

**COUNT II: VIOLATION OF LOUISIANA EMPLOYMENT DISCRIMINATION LAW**

37. Paragraphs 1 – 36 are restated as if fully incorporated herein.

38. The Louisiana Employment Discrimination Law, La. Rev. Stat. 23:2301, *et seq*., prohibits employers from discrimination against qualified individuals because of a disability, specifically with regards to discharge of employees. La. R.S. 23:323.

39. Because HIV substantially limits at least one of Mr. Doe's major life activities, he is an individual with a disability.

40. Mr. Doe was fully qualified to be in his position at the Hilton.

41. Upon information and belief, the Defendant is a covered employer to which the Louisiana Discrimination Law applies. Upon information and belief, Defendant has more than fifteen employees.

42. Defendant terminated Mr. Doe from employment because he has HIV. The Defendant made no individualized assessment to determine whether Mr. Doe could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position.

43. Termination based on his disability and Defendant's failure to make an individualized assessment to determine whether he could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the Louisiana Employment Discrimination Law.

44. Because of Defendant's actions, Mr. Doe has suffered and will continue to suffer economic and non-economic harm.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT

45. Paragraphs 1 – 44 above are restated as if fully incorporated herein.

46. Title VII of The Civil Rights Act prohibits sexual harassment. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when this conduct explicitly affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating, hostile, or offensive work environment.

47. Here, Mr. Rigmaiden, the human resources manager who eventually terminated Mr. Doe from his employment at the Hilton hotel, repeatedly requested sexual favors from him.

48. Each time Mr. Doe and Mr. Rigmaiden interacted at work, Mr. Doe was reminded of the explicit messages he received causing him to become deeply offended and distressed.

49. By making these sexual advances, Mr. Rigmaiden created an intimidating, hostile, and offensive work environment for Mr. Doe.

50. Accordingly, Mr. Rigmaiden's behavior violated Title VII of the Civil Rights Act.

## COUNT IV: RETALIATION

51. Paragraphs 1 – 50 above are restated as if fully incorporated herein.

52. It is unlawful to retaliate against an employee for resisting sexual advances.

53. Mr. Rigmaiden, the human resources manager, repeatedly requested sexual favors from Mr. Doe.

54. Each time Mr. Doe was propositioned, he either declined or otherwise indicated he was resisting the inappropriate sexual advance.

55. Ultimately, Mr. Rigmaiden terminated Mr. Doe from employment at the Hilton due to Mr. Doe's resistance to his sexual advances.

56. Because of Defendant's actions, Mr. Doe has suffered and will continue to suffer economic and non-economic harm.

## JURY TRIAL REQUEST

57. Plaintiff hereby notifies the Court and Defendant of his intent to seek a trial by jury in this matter.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

a. Appropriate injunctive relief, including but not limited to an order restraining Defendant from engaging in further discriminatory conduct of the types alleged in this complaint, and from submitting negative references to any of Plaintiff's potential future employers;

b. Back pay in an amount to be determined at trial;

c. Front pay;

d. Compensatory and consequential damages, including for emotional distress, against Defendant;

e. Punitive damages against Defendant;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees and costs of this action; and

h. Any such further relief as the Court deems appropriate.

DATED: December 22, 2017

RESPECTFULLY SUBMITTED,

/s/ Galen M. Hair
Galen M. Hair, T.A., LSBA No. 32865
John E. Bicknell, Jr., LSBA No. 36802
**SCOTT, VICKNAIR,**
**HAIR & CHECKI, LLC**
909 Poydras Street, Suite 1100
New Orleans, LA 70112
T: (504) 684-5200
F: (504) 613-6351

*and*

*/s/* Joshual L. Holmes
Joshua L Holmes, LSBA No. 32162
CrescentCare Legal Services
2601 Tulane Avenue, Suite 630
New Orleans, LA 70119
joshua.holmes@crescentcarehealth.org
Phone: (504) 568-1631 x792
Facsimile: (504) 301-1357